# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CARRIE ANN PROULX,

        Plaintiff,

v.                                 Case No. 3:19-cv-1302-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

_____

# OPINION AND ORDER[1]

## I.   Status

    Carrie Ann Proulx ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of a back injury, arthritis, and high blood pressure. See Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed February 4, 2020, at 85-86, 97, 219. Plaintiff filed an application for DIB

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed February 4, 2020; Reference Order (Doc. No. 13), entered February 5, 2020.

on June 6, 2016,[2] alleging a disability onset date of June 22, 2015. Tr. at 192. The application was denied initially, Tr. at 85-94, 95, 113, 114-16, and upon reconsideration, Tr. at 96-107, 108, 109, 118, 119-23.

On October 12, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 53-84. Plaintiff was fifty years old at the time of the hearing. Tr. at 57. On December 18, 2018, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-19.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 189-91. The Appeals Council received additional evidence in the form of a brief authored by Plaintiff's counsel. Tr. at 4, 5; see Tr. at 298-300 (brief). On August 13, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 7, 2019, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2]     Although actually completed on June 6, 2016, see Tr. at 192, the protective filing date of the application is listed elsewhere in the administrative transcript as June 4, 2016, see, e.g., Tr. at 85.

On appeal, Plaintiff challenges the ALJ's: 1) failure to consider the opinions of Atul Bhat, M.D.[3] and the results of a functional capacity exam conducted in August 2014;[4] 2) failure to address the correct Medical-Vocational Guidelines ("Grids") because the ALJ placed Plaintiff in the wrong age category; 3) residual functional capacity ("RFC") finding; 4) failure "to account for the possibility of [P]laintiff's excessive monthly absences from work"; and 5) evaluation of Plaintiff's subjective symptoms. Memorandum in Support of Plaintiff's Position (Doc. No. 21; "Pl.'s Mem."),[5] filed June 22, 2020, at 5-9.[6] On August 19, 2020, Defendant filed a Memorandum in Support of the

---

[3] Dr. Bhat was Plaintiff's treating physician while she lived in Massachusetts. See, e.g., Tr. at 334-76, 386-92, 503. He treated Plaintiff for back and joint pain from at least February 2013, Tr. at 326, to at least November 2015, Tr. at 334-37, 372-73.

[4] The August 2014 functional capacity exam is not part of the administrative transcript, but a summary of the exam results can be found in a September 2014 treatment note. See Tr. at 360.

[5] Plaintiff's Memorandum contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

[6] The first four arguments set out above are contained under the first listed issue in Plaintiff's Memorandum, which is broadly framed as "whether or not the vocational hypothetical relied upon by the ALJ comprehensively describes Plaintiff's impairments." Pl.'s Mem. at 1, 5 (some capitalization omitted). Plaintiff, however, does not challenge the hypothetical to the VE specifically; instead, she challenges the ALJ's RFC by arguing the ALJ failed to include in the RFC certain limitations that were included in the first hypothetical posed to the VE. See id. at 7.

The fifth and final argument set out above is contained under the second and last listed issue in Plaintiff's Memorandum, which is broadly framed as "whether or not the Commissioner's analysis is substantially consistent with the relevant facts." Id. at 1, 8 (some capitalization omitted). Plaintiff's challenge to the ALJ's evaluation of Plaintiff's subjective symptoms is the only argument contained under the second issue.

Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Plaintiff's subjective symptoms (Plaintiff's fifth argument). This will require, among other things, an evaluation of Dr. Bhat's opinions, the August 2014 functional capacity exam, and other medical evidence predating Plaintiff's alleged disability onset date of June 22, 2015 (Plaintiff's first argument).

On remand, a reevaluation of Plaintiff's subjective complaints and consideration of the pre-onset date evidence may impact the applicability of the Grids (Plaintiff's second argument), Plaintiff's RFC (Plaintiff's third argument), and the ALJ's consideration of Plaintiff's possible absenteeism from work (Plaintiff's fourth argument). For this reason, the Court need not address these issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-18. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since June 22, 2015, the alleged onset date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar degenerative disc disease and degenerative joint disease." Tr. at 12 (emphasis and citation omitted). At step

---

[7]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally stoop, kneel, crouch and crawl. She would need to alternate between sitting and standing by sitting for 15 minutes after every 30 minutes of standing. [Plaintiff] must avoid unprotected heights and workplace hazards. She cannot push or pull with the lower extremities. [Plaintiff] cannot work with vibrations. She would be off task at least 10% of the workday.

Tr. at 14 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work." Tr. at 16-17 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("46 years old . . . on the alleged disability date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 17 (emphasis and citation omitted), such as "Ticket Taker," "Information Clerk," and "Retail Sales Attendant," Tr. at 18. The ALJ concluded Plaintiff

"has not been under a disability . . . from June 22, 2015[ ] through the date of th[e D]ecision." Tr. at 18 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

As noted, the ALJ erred in evaluating Plaintiff's subjective complaints. Part of the ALJ's error in this regard was the ALJ's failure to consider the evidence predating Plaintiff's alleged disability onset date of June 22, 2015. The parties' arguments and the applicable law is initially set out below. Then, the undersigned addresses in conjunction the ALJ's evaluation of Plaintiff's subjective complaints and the pre-onset date evidence.

### A.   Parties' Arguments

Plaintiff contends the ALJ's finding regarding Plaintiff's subjective complaints "is not sufficient." Pl.'s Mem. at 9 (citation omitted). Specifically, Plaintiff argues the ALJ failed "to articulate adequate reasons for not accepting . . . [P]laintiff's progressively worsening pain as disabling . . . ." <u>Id.</u> at 10. According to Plaintiff, the ALJ's evaluation of Plaintiff's subjective complaints "fails to exhibit an accurate, complete and substantial consideration of the medical condition <u>as a whole</u>." <u>Id.</u> at 9 (citation omitted). As to the ALJ's failure to consider the medical evidence predating the alleged disability onset date, Plaintiff asserts the ALJ failed to consider 1) Dr. Bhat's September 2014 opinions restricting Plaintiff, in part, to lifting no more than ten pounds, and 2)

an August 2014 functional capacity exam indicating Plaintiff has limitations in walking and climbing stairs. Id. at 6.

Responding, Defendant argues that "[t]he handful of treatment notes Plaintiff points out in her brief do not diminish the substantial evidence advanced by the ALJ in support of the subjective symptom finding." Def.'s Mem. at 12. With regard to the ALJ's failure to consider Dr. Bhat's opinion and the functional capacity exam, Defendant contends the ALJ was not required to consider such "pre-relevant period opinion evidence . . . ." Id. at 9.

## B.  Applicable Law

### 1.  Subjective Complaints

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"When evaluating the claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature,

location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either

- 10 -

credited or rejected on the basis of medical evidence." <u>Cole v. Colvin</u>, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

### 2.   Opinions from Medical Sources and Other Sources[8]

"Medical opinions are statements from physicians or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1); <u>see also</u> 20 C.F.R. § 404.1513(a). Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[9]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. <u>See</u> 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating

---

[8]    On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. <u>See</u> <u>Revisions to Rules Regarding the Evaluation of Medical Evidence</u>, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); <u>see also</u> 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed her claim before that date, the undersigned cites the Rules and Regulations that are applicable to the date the claim was filed.

[9]    For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." <u>Schink v. Comm'r of Soc. Sec.</u>, 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." <u>Id.</u> at 1260 (citing <u>Sharfarz v. Bowen</u>, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5); <u>see also</u> 20 C.F.R. § 404.1527(f); <u>Walker v. Soc. Sec. Admin., Comm'r</u>, 987 F.3d 1333, 1338 (11th Cir. 2021); <u>McNamee v. Soc. Sec. Admin.</u>, 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

With regard to a treating physician,[10] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c)(2). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Walker, 987 F.3d at 1338 (citation omitted); Schink, 935 F.3d at 1259; Hargress v. Soc. Sec. Admin.,

---

[10]    A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

Comm'r, 883 F.3d 1302, 1305 (11th Cir. 2018) (citation omitted); <u>Lewis v.
Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the
opinion is not bolstered by the evidence; (2) the evidence supports a contrary
finding; or (3) the opinion is conclusory or inconsistent with the treating
physician's own medical records. <u>Walker</u>, 987 F.3d at 1338; <u>Schink</u>, 935 F.3d at
1259; <u>Hargress</u>, 883 F.3d at 1305; <u>Phillips</u>, 357 F.3d at 1240-41; <u>see also
Edwards v. Sullivan</u>, 937 F.2d 580, 583-84 (11th Cir. 1991); <u>Schnorr v. Bowen</u>,
816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical
opinion may be discounted when it is not accompanied by objective medical
evidence).

     An ALJ is required to consider every medical opinion. <u>See</u> 20 C.F.R.
§ 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every
medical opinion we receive"). While "the ALJ is free to reject the opinion of any
physician when the evidence supports a contrary conclusion," <u>Oldham v.
Schweiker</u>, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); <u>see also</u> 20
C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given
to different medical opinions and the reasons therefor," <u>Winschel v. Comm'r of
Soc. Sec.</u>, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing <u>Sharfarz</u>, 825 F.2d at
279); <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1212 (11th Cir. 2005); <u>Lewis</u>, 125 F.3d
at 1440.

Opinions from sources "who are not technically deemed 'acceptable medical sources' . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p, 2006 WL 2329939, at *3.[11]  Generally, the ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows [the] claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." Id. at *6; 20 C.F.R. § 404.1527(f)(2).

## C.  Analysis

The ALJ found that Plaintiff's "medically determinable impairments can reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence of record." Tr. at 16; see also Tr. at 15. The ALJ explained that "[a]s discussed [in the Decision], [Plaintiff's] impairments are generally mild to moderate in nature" and that "[p]roviders offered conservative treatment for these impairments,

---

[11]      SSR 06-03p was rescinded on March 27, 2017, but this rescission applies only to claims filed on or after March 27, 2017. SSR 96-2P, 2017 WL 3928305, *1 (stating the "rescission will be effective for claims filed on or after March 27, 2017"); Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15,263-01, 15,263 (Mar. 27, 2017) (same). SSR 06-03p therefore applies to Plaintiff's claim.

which generally appears to control her symptoms." Tr. at 16. The ALJ also observed that "there are no consistent indications from any of [Plaintiff's] providers that they felt that [Plaintiff] has serious ongoing functional deficits." Tr. at 16. Lastly, the ALJ stated that "the medical opinion evidence fails to validate most of [Plaintiff's] allegations of impairment." Tr. at 16.

For the reasons stated below, the Court finds that the ALJ's evaluation of Plaintiff's subjective symptoms was erroneous and warrants remand.

The ALJ's finding that Plaintiff's "conservative treatment" has apparently controlled her symptoms, Tr. at 16, is not based on substantial evidence. The administrative transcript shows that Plaintiff has been trying for years (since 2013) to obtain relief for her back and joint pain, with limited success. See, e.g., Tr. at 458 (December 2017 treatment note indicating Plaintiff complained of "increasing joint pain"); Tr. at 433 (September 2016 treatment note indicating Plaintiff's back pain has been "[g]radually worsening" since onset); Tr. at 412 (November 2015 treatment note indicating Plaintiff "has had extensive treatment for pain management[,] but the pain has persisted and has become progressively worse"); Tr. at 392 (December 2014 treatment note indicating Plaintiff "has exhausted reasonable conservative options[,] including physical therapy"); Tr. at 393 (September 2014 treatment note indicating Plaintiff was "in a lot of pain" and that although injections work "well," the pain "comes back" after a "few months"); Tr. at 399 (July 2014 treatment note

indicating "[f]acet blocks and other spine interventions have not improved [Plaintiff's] back pain"); Tr. at 409 (October 2013 treatment note indicating Plaintiff "pursued several months of physical therapy . . . with mild reduction of her symptoms").[12] Notably, the ALJ cites nothing to support her finding that Plaintiff's treatment has controlled her symptoms nor does the ALJ's prior discussion of the evidence support this finding.

Moreover, judicial review is frustrated as to the ALJ's findings that Plaintiff's providers did not indicate that Plaintiff has "serious ongoing functional deficits" and that the "medical opinion evidence" does not "validate" Plaintiff's subjective symptoms. Tr. at 16. As Plaintiff asserts in her first argument, the ALJ apparently did not consider certain evidence that predated the June 22, 2015 alleged disability onset date. This evidence shows that Dr. Bhat and two certified physician assistants opined on numerous occasions that Plaintiff was functionally limited. Specifically, from November 2013 through May 2015, these treating providers consistently opined that Plaintiff could lift no more than ten pounds. See Tr. at 352, 362 (February 2015 and September 2014 treatment notes[13] signed by Dr. Bhat restricting Plaintiff to lifting no

---

[12]     Some of these treatment notes predate Plaintiff's alleged disability onset date of June 22, 2015. As noted, the ALJ failed to consider such pre-onset date evidence, and as explained below, this was error. See infra pp. 18-20 (citing relevant law).

[13]     Some of the content of the February 2015 treatment note (Tr. at 352-53) is duplicated elsewhere in the administrative transcript. See Tr. at 390.

more than ten pounds until her follow up appointment);[14] Tr. at 360 (September 2014 treatment note indicating that a functional capacity exam conducted in August 2014 shows in part that Plaintiff could lift no more than ten pounds and "has limitations in walking and stair climbing due to reports of increased low back pain"); Tr. at 400 (June 2014 treatment note from Ms. Hatch restricting Plaintiff to lifting no more than ten pounds until "follow up [in] 12 weeks"); Tr. at 409 (November 2013 treatment note from Meredith Wall, PA-C restricting Plaintiff to lifting no more than ten pounds "until follow up injections").[15] The treatment notes state these limitations were in place only until Plaintiff's next follow up appointment(s), but the restrictions were kept in place after almost every follow up appointment. See Tr. at 352, 362, 400, 409. But see Tr. at 392 (December 2014 treatment note from Dr. Bhat indicating Plaintiff can "continue working in her usual duties").

Even though the above opinions were contained in treatment notes that predated the alleged disability onset date, the ALJ was nonetheless required to

---

[14]     Although the September 2014 treatment note was reviewed and signed by Dr. Bhat, it indicates the "encounter" was "performed" by Sharon Hatch, PA-C. See Tr. at 363.

[15]     Additionally, Dr. Bhat indicated in August 2015 and September 2015 (after the alleged disability onset date) that Plaintiff was to "remain out of work." See Tr. at 344 (August 2015 treatment note indicating Plaintiff "will remain out of work until follow up EMG appointment" in September 2015); Tr. at 340 (September 2015 treatment note indicating Plaintiff "will remain out of work until follow up MRI"). The ALJ also failed to discuss and weigh these opinions. On remand, the ALJ shall consider and specify the weight given to these opinions.

consider them and, as to Dr. Bhat's opinions, explain the weight she afforded to them, Winschel, 631 F.3d at 1179,[16] because they are relevant to Plaintiff's impairments. See, e.g., Garrett v. Comm'r of Soc. Sec., No. 6:16-cv-1516-CEM-GJK, 2017 WL 1460733, at *3 (M.D. Fla. Mar. 15, 2017) (unpublished) (recognizing that "[c]ourts within the Eleventh Circuit have found pre-onset date evidence to be significant so long as such evidence is: 1) within close proximity to the onset date; and 2) relevant to a claimant's impairments" (citation omitted)), report and recommendation adopted, No. 6:16-cv-1516-CEM-GJK, 2017 WL 1438321 (M.D. Fla. Apr. 24, 2017) (unpublished); Nichols v. Comm'r of Soc. Sec., No. 6:16-cv-1819-DCI, 2018 WL 746940, at *3 (M.D. Fla. Feb. 7, 2018) (unpublished) (recognizing that "even when an opinion significantly predates a claimant's alleged onset date such that the opinion is of limited relevance, courts in [the Eleventh Circuit] have required the ALJ to weigh the opinion"; collecting cases); Hamlin v. Astrue, No. 3:07-cv-507-TEM, 2008 WL 4371326, at *4 (M.D. Fla. Sept. 19, 2008) (unpublished) (finding the ALJ erred in not considering evidence that predated the plaintiff's alleged

---

[16] As noted above, even though the applicable Regulations and SSR 06-03p do not require an ALJ to afford particular deference to opinions of non-acceptable medical sources (such as the certified physician assistants here), they require an ALJ to consider the evidence and to ensure a reviewer can follow the reasoning behind the decision as it relates to those sources. SSR 06-03p, 2006 WL 2329939, at *3, *6; 20 C.F.R. § 404.1527(f)(2).

disability onset date because although "such evidence <u>may be</u> of little relevance, . . . it still is of relevance" (citation omitted)).

To the extent Defendant offers reasons why the ALJ was entitled to reject the above opinions and evidence, Def.'s Mem. at 9, Defendant's arguments cannot serve as "post hoc rationalizations for agency actions," <u>Baker v. Comm'r of Soc. Sec.</u>, 384 F. App'x. 893, 896 (11th Cir. 2010) (citing <u>FPC v. Texaco Inc.</u>, 417 U.S. 380, 397 (1974)); <u>see</u> <u>Owens v. Heckler</u>, 748 F.2d 1511, 1516 (11th Cir. 1984)). It is not the duty of Defendant or the Court to supply reasons for the ALJ's finding; rather, that duty rests with the ALJ. <u>See</u> <u>Leslie v. Colvin</u>, 196 F. Supp. 3d 1248, 1255 (N.D. Ala. 2016) (stating that although "the Commissioner's arguments . . . may, on remand, have merit, acceptance of such post hoc rationalizations that go substantially beyond the contents of the ALJ's opinion infringes upon the court's 'function . . . to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts" (quoting <u>Owens</u>, 748 F.2d at 1516)); <u>Austin v. Astrue</u>, No. 5:07cv52/MCR/EMT, 2008 WL 2385520, at *8 n.7 (N.D. Fla. June 9, 2008) (unpublished) (recognizing the Commissioner's arguments in support of the ALJ's discounting of a treating physician's opinion, but stating that "[w]hile [the arguments] may be true, the ALJ did not make these findings"); <u>see also</u> <u>Green v. Shalala</u>, 51 F.3d 96, 100-01 (7th Cir. 1995); <u>Cline v. Sullivan</u>, 939 F.2d 560, 563-69 (8th Cir. 1991). Although the ALJ was allowed

to reject the evidence, it does not appear that she even considered the opined limitations contained in the pre-onset date treatment notes. The Court cannot review an assessment of evidence that was never done by the ALJ. Without any discussion from the ALJ about how she evaluated these opinions, judicial review is frustrated.

Lastly, the ALJ's remaining reason for finding Plaintiff's subjective complaints not entirely consistent with the medical evidence of record—that Plaintiff's treatment has been mild to moderate, Tr. at 16—is insufficient for the Court to find that substantial evidence supports the ALJ's assessment of Plaintiff's subjective symptoms. The ALJ's finding regarding the mild-to-moderate nature of Plaintiff's treatment is evidently based on the ALJ's prior discussion of the medical evidence. See Tr. at 14-15. This discussion, however, is largely about the objective evidence of record. Although ALJs can consider objective evidence when evaluating subjective symptoms, the United States Court of Appeals for the Eleventh Circuit has "emphatically rejected the notion that to be disabling subjective claims of pain must be supported by objective medical evidence or by clinical or laboratory findings." Wiggins v. Schweiker, 679 F.2d 1387, 1390 (11th Cir. 1982) (citation omitted); see also 20 C.F.R. § 404.1529(c)(2) (providing that an ALJ "will not reject [a claimant's] statements about the intensity and persistence of [his or her] pain or other symptoms or about the effect [his or her] symptoms have on [his or her] ability

to work . . . solely because the available objective medical evidence does not substantiate [the claimant's] statements"). The ALJ's finding that Plaintiff's treatment was mild to moderate, alone, is therefore insufficient to support the ALJ's finding regarding Plaintiff's subjective symptoms.

### V.   Conclusion

Based on the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)   Reevaluate Plaintiff's subjective complaints, and if the complaints are rejected, clearly articulate the reasons for doing so;

(B)   Evaluate the medical records and opinions (including those that predate Plaintiff's alleged disability onset date); specify the weight assigned to each opinion; and articulate the reasons for the weight given to them;

(C)   If appropriate, address the other issues raised by Plaintiff in this appeal; and

(D)   Take such other action as may be necessary to resolve this matter properly.

2.     The Clerk is further directed to close the file.

3.     In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on March 12, 2021.

JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record